UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                          Plaintiff,

v.

MICHAEL B. COBBS,

                                          Defendant.
_____/

CRIMINAL CASE NO. 92-80975

HONORABLE PAUL V. GADOLA
U.S. DISTRICT JUDGE

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

**I.     Introduction**

Before this Court is Defendant Michael B. Cobbs's motion to dismiss the petition to revoke his supervised release. Defendant seeks the dismissal of the petition on the basis that the delay in proceeding with this matter was not "reasonably necessary" in accordance with 18 U.S.C. § 3583(i), and was in violation of his guarantee of due process of law. For the reasons set forth below, Defendant's motion is denied.

**II.    Factual Background**

In 1992, Defendant was convicted of bank larceny in violation of 18 U.S.C. § 2113(b) and sentenced to 96 months' federal imprisonment to be followed by a three-year term of supervised release. As a standard condition of that supervised release, Defendant was not to commit any state or federal crimes. Less than one year into his three-year term however, on July 23, 2000, he was arrested on state criminal charges in Macomb County, Michigan. Defendant pleaded guilty to two state charges on August 28, 2000, and received a custodial sentence of 34 to 120 months. Defendant

1

began serving the state term of imprisonment immediately.

On September 11, 2000, just two weeks after Defendant's plea, Senior United States Probation Officer Gail Connor petitioned this Court for a warrant for violation of Defendant's term of supervised release, alleging five violations: (1) commission of a state crime, (2) failure to report to the probation officer as directed, (3) testing positive for controlled substances on five separate occasions, (4) failure to successfully complete a substance abuse treatment program, and (5) failure to remit monthly restitution payments. Based on these alleged violations, this Court authorized a warrant for violation of supervised release on September 14, 2000. Exactly one year later, because Defendant was still in state custody, the Court requested that a writ of habeas corpus be prepared by the United States Attorney's Office to bring Defendant before the Court. This was not done and Defendant remained in state custody. It is unclear why this writ was not prepared.

More than four years after this Court's unfulfilled initial request, on January 19, 2006, the probation department requested that the United States Attorney's Office prepare a writ of habeas corpus *ad prosequendum* to secure Defendant's appearance before this Court on his still pending supervised release revocation. Despite the fact that the writ was issued on April 7, 2006, Defendant was not produced before this Court. Instead, on April 12, 2006, the Michigan Department of Corrections ("MDOC") released Defendant. Defendant was not entirely free however, because the original warrant, issued more than five years earlier, had been lodged as a detainer with the MDOC. Consequently, upon release Defendant was discharged to the custody of the United States Marshal.

Defendant now challenges the validity of the pending hearing to revoke his supervised release on the basis that the delay of more than five years since the petition to revoke was issued,

is in violation of 18 U.S.C. § 3583(i) and in violation of Defendant's guarantee of due process of law.

### III.     Legal Standard

A supervised release that is sought to be revoked after the term has expired is governed by 18 U.S.C. § 3583(i):

> Delayed revocation.--The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

18 U.S.C. § 3583(i).

A revocation of supervised release hearing requires the same procedural protections as does a parole revocation hearing, and those rights are less than the rights granted to a defendant during the formal prosecution of his case. *United States v. Lowenstein*, 108 F.3d 80, 85 (6th Cir.1997); *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) (parole revocation). A "parolee [individual on supervised release] must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991) (alteration in original).

A "delay between a defendant's violation of supervised release and the execution of the violation warrant does not, in and of itself, violate a defendant's due process rights." *United States v. Sanchez*, 225 F.3d 172, 175 (2nd Cir. 2000) (holding that a delay of more than four years

between the defendant's violation of a condition of his supervised release and the date of the execution of a warrant did not violate his due process protections because he suffered no prejudice). *See also United States v. Ramos*, 401 F.3d 111, 116 (2d Cir. 2005) (holding a delay of more than sixteen months did not "hinder [defendant's] defense against the supervised release violation charge"). Similarly, denial of the right to serve state and federal sentences concurrently because of a thirty-month delay between the issuance of a warrant and the hearing for revocation of supervised release does not deprive a defendant of his due process protections. *United States v. Tippens*, 39 F.3d 88, 90 (5th Cir. 1994). A "defendant's due process concerns about delay come into play only when the delay has prejudiced the defendant's ability to contest the validity of the revocation." *United States v. Throneburg*, 87 F.3d 851, 853 (6th Cir. 1996) (upholding lower court's determination that defendant's rights were not violated even though "a speedier execution of the warrant might have **allowed [defendant] to serve the state and federal sentences concurrently**").

**IV.    Analysis**

Defendant now seeks to have the "Petition for Warrant or Summons for Offender under Supervision" dismissed on two grounds: first, claiming that the Court lacks jurisdiction to revoke his term because the delay in excess of five years between the petition and the impending hearing on the revocation was not "reasonably necessary" under 18 U.S.C. § 3583(i), and second, arguing that this extended delay was in violation of his guarantee of due process of law. Defendant cites no case law that directly supports either of his claims.

Where, like here, a court seeks to revoke a term of supervised release after that term has expired, the power of the court is governed by 18 U.S.C. § 3583(i):

> Delayed revocation.--The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, **extends beyond the expiration of the term** of supervised release **for any period reasonably necessary** for the adjudication of matters arising before its expiration **if, before its expiration, a warrant or summons has been issued** on the basis of an allegation of such a violation.

18 U.S.C. § 3583(i) (emphasis added). The statute sets forth one prerequisite for the court to exercise power to revoke an expired term and sets forth one limitation on that power. The court's power is conditioned on the issuance of the warrant before the expiration of the term of supervised release; subsequently, the power to revoke is limited to "any period reasonably necessary for the adjudication of matters arising before its expiration." 18 U.S.C. § 3583(i).

Defendant's three year term of supervised release began on December 9, 1999 and the initial warrant for Defendant was signed by this Court just ten months later, on September 14, 2000. Consequently, the Court clearly satisfied the prerequisite necessary to revoke Defendant's term, even after it had expired. That power to revoke, however, is limited to any period "reasonably necessary for the adjudication of matters arising before its expiration." 18 U.S.C. § 3583(i). What is "reasonably necessary" therefore becomes the relevant inquiry.

The difficulty of what is reasonably necessary was summed up well by the Ninth Circuit Court of Appeals when it remarked:

> [T]he difficulty in resolving this issue stems from the fact that while the delay complained of by [the defendant] has repeatedly been deemed 'reasonable,' *see*, *e.g.*, *United States v. Bartholdi*, 453 F.3d 1225, 1226 (9th Cir. 1972), it is not technically 'necessary' given the federal government's power to execute a writ of habeas corpus ad prosequendum; thus leaving the question of whether such a delay is 'reasonably necessary.'

*United States v. Garrett*, 253 F.3d 443, 447 (9th Cir. 2001). This difficulty may explain Defendant's

5

lack of supporting case law that undertakes a definitive parsing of the "reasonably necessary" statutory term within the context of § 3583(i).  Nevertheless, the Ninth Circuit in *Garrett*, decided that, under § 3583(i), when a timely warrant has been issued for a defendant but that defendant is currently incarcerated for state crimes, the "sands of this statutory hourglass [3583(i)] should . . . remain suspended during the defendant's incarceration on state charges." *Id*. at 450.  The statute therefore, in the eyes of *Garrett*, was only meant to assure that a hearing was held expeditiously after the defendant was in **federal** custody following the execution of the warrant; any limitation within § 3583(i) did not apply to the time the defendant was held in a **state** facility.  *Id*.

The creation of an effective tolling period, however, was criticized by the Second Circuit in *United States v. Ramos*, 401 F.3d 111 (2d Cir. 2005), when it noted, "We think that § 3583(i) operates not as an hourglass that runs out in a time certain, but rather as a 'reasonably necessary' extension of time beyond the term of supervised release provided a summons or warrant has been issued before the end of the term." *Ramos*, 401 F.3d at 118 n.8.  While this Court agrees with the *Ramos* characterization of § 3583(i) as creating an extension of time rather than an effective tolling created by the suspension of the sands of the statutory hourglass, this distinction does not solve the question of what is reasonably necessary.  Once more, however, this Court finds the language of *Ramos* instructive:

> Section 3583(i)'s 'reasonably necessary' requirement may well be stricter than the rather expansive notions of what is reasonable under due process in this context, *see Garrett*, 253 F.3d at 448-49, but reasonable necessity remains, we think, a relatively elastic concept.  The underlying consideration is the same– reasonableness with respect to the legitimate interests of the defendant and the government.

*Ramos*, 401 F.3d at 118.

Given the facts of this case, that no surprise was brought on Defendant through the petition for revocation after he pleaded guilty to state law charges; that this Court subsequently issued a timely warrant which, in compliance with § 3583(i), was issued well within Defendant's term of supervised release; that the warrant served as a detainer on Defendant during the time he was incarcerated with the MDOC and the warrant gave all parties notice that the action had not been dismissed; and that the Court issued a (albeit unsuccessful) writ of habeas corpus *ad prosequendum* in an attempt to secure Defendant's presence in this Court before his release from the MDOC, this Court finds that reasonable efforts to protect the legitimate interests of both parties were taken. With that in mind, an examination of what is reasonable under due process concerns is now necessary.

When examining a due process claim, a defendant facing revocation of supervised release has the same procedural protections as if facing parole revocation. *United States v. Lowenstein*, 108 F.3d 80, 85 (6th Cir.1997). Those rights however, are less than a defendant facing initial prosecution of formal charges. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). These protections must include an opportunity to be heard and to show, if possible, that he did not commit the violations leading to the revocation. *United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991).

In the instant case, Defendant makes no claim that the delay of more than five years has prejudiced his ability to show that he did not commit the violations charged. Indeed, at least with respect to the state charges to which he pleaded guilty, such a showing may be exceedingly difficult, if not impossible. Possibly due to this difficulty, Defendant instead claims that because the federal warrant served as a detainer while Defendant was incarcerated on his state crimes, had the revocation hearing been held promptly and the warrant removed, he "likely would have been

eligible for a lower security institution or camp." Def. Mot. to Dismiss, p. 6 (filed Apr. 27, 2006). He also claims that had the violation had been resolved in a more timely manner, even if he had received additional federal time, it likely would have garnered him an earlier state parole date. Def. Mot. to Dismiss, p. 6 (filed Apr. 27, 2006). Both claims are entirely speculative, and in light of the case law, are unpersuasive to this Court.

The United States Court of Appeals for the Sixth Circuit addressed a similar situation in *United States v. Throneburg,* 87 F.3d 851 (6th Cir. 1996). In *Throneburg*, a defendant was arrested on state weapons charges just months after beginning his three-year term of supervised release. Based on these new charges, the district court promptly issued a supervised release violation warrant. Despite the timely warrant, it was nearly two years before the court held hearings to revoke the term. Nevertheless, the defendant's term of supervised release was revoked and he received twenty-four months federal imprisonment to be served consecutively to his state sentence. There, like here, the defendant claimed his due process protections were violated because, he reasoned, the state corrections department would likely have paroled him early so that he could begin serving his federal term. *Throneburg,* 87 F.3d at 853. Rejecting that argument, the Sixth Circuit ruled that a "defendant's due process concerns about delay come into play only when the delay has prejudiced the defendant's ability to contest the validity of the revocation." *Id*. Just as in *Throneburg*, Defendant's speculative claim of the possibility of a shorter total term of incarceration does not prejudice his ability to contest the validity of the revocation and therefore fails as a due process of law challenge.

Similarly, in *United States v. Tippens*, the Court of Appeals for the Fifth Circuit rejected a

defendant's argument that a thirty month delay between the issuance of a warrant and its execution prejudiced the defendant by not allowing him the opportunity to serve the state and federal sentences concurrently. *United States v. Tippens*, 39 F.3d 88, 90 (5th Cir. 1994). *See also Ramos*, 401 F.3d at 116 (rejecting a defendant's claim because the delay of more than sixteen months did not "hinder his defense against the supervised release violation charge."); *Sanchez,* 225 F.3d at 175-76 (holding that where a warrant was executed four years after the alleged violation of supervised release, and where defendant claimed he was prejudiced by not being able to serve concurrent sentences, the defendant was in fact not prejudiced because district court had the power to grant the equivalent of concurrent sentences retroactively). Because in the instant action Defendant makes no claim that he has been prejudiced against contesting the violations of his supervised release, there has been no violation of his guarantee of due process. Consequently, his motion is denied.

## V. Conclusion

This Court, under the authority of 18 U.S.C. § 3583(i) has the authority to revoke Defendant's now-expired term of supervised release. This Court finds the actions taken were reasonable with respect to the legitimate interests of all parties. Furthermore, Defendant has failed to demonstrate how the delay incurred between the time of the warrant's issuance and its execution, a period during which at all times he was incarcerated on state crimes, prejudiced him in any way in his ability to contest the violations alleged in the petition to revoke his supervised release. Consequently, because this Court's statutory grant of power to revoke Defendant's now expired term of supervised release is valid and because Defendant's guarantee of due process of law was not violated, Defendant's motion to dismiss the petition for warrant for an offender under supervised


release is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's "Motion to Dismiss Petition" [docket entry 19] is **DENIED**.

**SO ORDERED.**

Dated:   June 26, 2006                           s/Paul V. Gadola
                                                 HONORABLE PAUL V. GADOLA
                                                 UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   June 26, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:           Robert W. Haviland; Kenneth R. Sasse                        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                            .

                                                 s/Ruth A. Brissaud
                                                 Ruth A. Brissaud, Case Manager
                                                 (810) 341-7845